# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN G. JULIA,

    Plaintiff,

    v.

ELEXCO LAND SERVICES, INC. and
SOUTHWESTERN ENERGY
PRODUCTION COMPANY,

    Defendants,

CIVIL ACTION NO. 3:09-CV-590

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is a motion to dismiss by Defendants Elexco Land Services, Inc. ("Elexco") and Southwestern Energy Production Company ("Southwestern"). (Doc. 6.) For the reasons discussed below, this motion will be granted in part and denied in part. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

## BACKGROUND

Plaintiff John G. Julia is the fee simple owner of two parcels of real estate containing approximately 142.11 acres in Susquehanna County, Pennsylvania. (Compl. ¶¶ 1, 4.) Richard Julia was the purported agent of Plaintiff with a "Power of Attorney General." (Compl. ¶ 13.) The granting of the "Power of Attorney General" was, however, defective under Pennsylvania law. (Compl. ¶¶ 19-22.)

On or about May 16, 2007, Richard Julia, on behalf of Plaintiff, entered into a preprinted form Paid Up Oil and Gas Lease prepared by Defendant Elexco. (Compl. ¶ 13.)

On or about April 23, 2008, Elexco assigned this lease agreement to Southwestern. (Compl. ¶ 16.) Plaintiff did not sign any documents with Defendants. (Compl. ¶ 18.) The lease agreement contained terms which allow Defendants to deduct "post production costs" before calculating Plaintiff's one-eighth royalty. (Compl. ¶ 28.) When entering into the agreement Elexco's agent stated that "'Defendant would never pay any more than $50.00 per acre so he better take the $50.00 per acre and that the Plaintiff will never get anymore.'" (Compl. ¶ 8.) Plaintiff subsequently learned this statement was false. (Compl. ¶ 9.) Plaintiff relied upon this representation to his detriment. (Compl. ¶ 38.) Plaintiff was also told by Elexco's agent that they could place a well on Plaintiff's neighbor's property and simply take the gas under the "rule of capture." (Compl. ¶ 42.) Plaintiff was also told that he would receive one-eighth of the amount realized from the sale at the well. (Compl. ¶ 43.)

Plaintiff filed a complaint in the Susquehanna County Court of Common Please on March 19, 2009. (Doc. 17.) Defendants removed the complaint here to the United States District Court for the Middle District of Pennsylvania on March 31, 2009. (Doc. 1.) On April 7, 2009, Defendants filed the present motion to dismiss. (Doc. 6.) After a court ordered stay to await the Pennsylvania Supreme Court's interpretation of 58 P.S. § 33, the motion has been fully briefed by both parties and his ripe for disposition. (Docs. 12, 14.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not

2

pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

Plaintiff's Complaint contains three claims. First, Plaintiff alleges that the lease agreement is invalid because it was signed by Richard Julia on behalf of Plaintiff without a proper power of attorney. Second, Plaintiff alleges that the lease agreement is invalid because it conflicts with Pennsylvania's minimum royalty law, 58 P.S. § 33. Third, Plaintiff alleges that the lease agreement is invalid because Defendants fraudulently induced Plaintiff to enter into the agreement. I will consider Defendants' motion to dismiss each count seriatim.

**I.     Power of Attorney**

Plaintiff's first theory is that the lease agreement should be invalidated because Richard Julia acted on Plaintiff's behalf without a proper power of attorney. Defendants argue that even if this allegation is true, Plaintiff ratified the signing of the lease agreement by accepting and signing the lease check. Defendants attach a copy of the alleged check

4

to their brief in support of the present motion. (Doc. 8.) As noted above, however, at this stage the Court should consider only the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Furthermore, the check is not an "undisputedly authentic" document upon which the *Plaintiff's claims* are based. *Id.* Looking only to the allegations in the complaint, Plaintiff has alleged that the lease agreement was signed on his behalf by Richard Julia who did not have a proper power of attorney. (Compl. ¶¶ 19-22.) Plaintiff also alleges that he signed no documents with the Defendants. (Compl. ¶ 18.) These allegations are sufficient to state a claim, and therefore, Defendants' motion to dismiss Count I will be denied.

## II.     Pennsylvania Royalties Statute (58 P.S. § 33)

Plaintiff's second theory is that the lease agreement should be voided because it does not comport with the minimum royalties required by Pennsylvania law. *See* 58 P.S. § 33. The Pennsylvania Supreme Court recently addressed this exact issue in *Kilmer v. Elexco Land Services, Inc.*, No. 63 MAP 2009, 2010 Pa. LEXIS 517 (Mar. 24, 2010). The *Kilmer* Court evaluated similar lease agreement language permitting a one-eighth royalty to be calculated by first deducting "post production" costs, and held that this method is appropriate under the statute. *Kilmer*, 2010 Pa. LEXIS 517, at *30. Plaintiff concedes that this holding defeats his claim. (Supplemental Brief in Opp'n 1, Doc. 16.) Defendants' motion to dismiss "Alternative Count I" will be granted.

5

**III.     Fraudulent Inducement**

Plaintiff's final theory is that statements made by Defendant Elexco's agent were fraudulent, and that those statements induced him to enter into the lease agreement. Fraudulent inducement occurs where a contracting party made false representations which induced the complaining party to agreeing to the contract. *Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186, 205 (Pa. 2007) (citations omitted). To sufficiently allege a cause of action for fraudulent inducement, Plaintiffs must allege: (1) a false representation; (2) materiality; (3) scienter; (4) justifiable reliance; and (5) damage as a proximate result. *Piper v. Am. Nat'l Life Ins. Co.*, 228 F. Supp.2d 553, 558 (M.D. Pa 2002). Plaintiff alleges that three statements made by Defendants' agent fraudulently induced him to enter into the lease agreement: (1) that the best price Defendants would pay was $50.00 per acre; (2) that without the lease, Defendants would be able to access the gas under Plaintiff's property from adjoining properties without paying Plaintiff; and (3) that Plaintiff would receive a one-eighth royalty from the gas extracted. (Compl. ¶¶ 8, 42, 43.) While Plaintiff alleges false representations upon which he relied and that he suffered damage as a result, Plaintiff's Complaint contains no allegations of scienter; Plaintiff never alleges that Defendants or their agents *knew* the statements were false, nor that they *recklessly disregarded* the truth. *Piper*, 228 F. Supp.2d at 558 ("scienter, which may be either actual knowledge or reckless indifference to the truth"). Because Plaintiff's Complaint fails to allege all of the necessary elements for a claim of fraudulent inducement, Defendants' motion to dismiss "Alternative Count II" will be granted.

6

**CONCLUSION**

For the foregoing reasons, the Defendants' motion to dismiss will be granted in part and denied in part. Specifically, as to Plaintiff's claim that the lease was entered into by Richard Julia without a proper power of attorney, Defendants' motion will be denied because Plaintiff's complaint contains sufficient allegations. As to Plaintiff's claim under 58 P.S. § 33, the motion will be granted as Plaintiffs' interpretation was specifically rejected by the Pennsylvania Supreme Court in *Kilmer v. Elexco Services, Inc.* Finally, as to Plaintiff's claim for fraudulent inducement, the motion will be granted because the Plaintiff fails to allege the necessary element of scienter.

An appropriate order follows.

 May 11, 2010  /s/ A. Richard Caputo  
Date A. Richard Caputo  
 United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN G. JULIA, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-590 |
| v. | (JUDGE CAPUTO) |
| ELEXCO LAND SERVICES, INC. and SOUTHWESTERN ENERGY PRODUCTION COMPANY, | |
| Defendants, | |

## ORDER

**NOW**, this  11th  day of May, 2010, **IT IS HEREBY ORDERED** that Defendants Elexco Land Services, Inc., and Southwestern Energy Production Company's Motion to Dismiss (Doc. 6) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) As to Plaintiff's claims at Alternate Count I and Alternate Count II, the motion is **GRANTED**.

(2) As to the remaining claim, the motion is **DENIED**.

                                             /s/ A. Richard Caputo  
                                             A. Richard Caputo  
                                             United States District Judge